IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| LEOPOLDO ROMO, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a 2255 motion. Before sentencing, the defendant was safety-valve eligible. Had he submitted to an interview and truthfully told the government what he knew, he would have been entitled to the benefits of the safety-valve.

He now claims that his lawyer, Assistant Federal Public Defender John Vanderslice, failed to properly explain the requirements of the safety-valve. That is, the defendant claims that he was incorrectly told that eligibility for the safety-valve turned on active cooperation rather than merely submitting to a safety-valve interview. He asserts that had he known that he was not required to actively cooperate, he would have submitted to a safety-valve interview and his sentence would likely have been reduced as a result.

I would like to resolve this case on the affidavits.[1] If I did, I would chalk this problem up to no more than a simple misunderstanding for which there is no entitlement to relief. But, I cannot (with a straight face) state that the files and record *conclusively* establish that the motion should be denied for that reason. See 28 U.S.C. § 2255 (providing no evidentiary hearing is required when the files and records "conclusively" establish that the defendant is not entitled to relief). On the contrary, when, as here, a court is confronted with conflicting sworn affidavits establishing material and facially genuine factual disputes, the court should hold an evidentiary hearing even though such a hearing may ultimately prove to be a waste of time.

---

[1] Filing 48 (initial declaration of the defendant), filing 59, attachment 1 (declaration of Mr. Vanderslice) and filing 61 (supplemental declaration of the defendant).

Therefore, I will order an evidentiary hearing where the defendant will be present and he may testify under oath. I will also appoint counsel to represent the defendant at the hearing. Accordingly,

IT IS ORDERED that:

(1) Joel Lonowski is hereby appointed to represent the defendant on his 2255 motion. The Federal Public Defender shall provide Mr. Lonowski with a CJA voucher. My chambers shall provide Mr. Lonowski with a copy of this memorandum and order.

(2) Mr. Lonowski shall immediately enter his appearance.

(3) After Mr. Lonowski enters his appearance, my judicial assistant shall schedule a telephone conference with Mr. Lonowski, Ms. Wagner (counsel for the government), and Mr. Vanderslice so that we may schedule the evidentiary hearing. Following that telephone conference, I will enter an order setting the date and time of the hearing and directing the United States Marshal to bring the defendant to the hearing.

(4) Because the defendant apparently does not speak English, it will also be necessary for the court to secure the services of an interpreter at the evidentiary hearing. The Clerk is so advised.

June 13, 2006.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge